DECISION AND JUDGMENT ENTRY
This accelerated case is before the court on appeal from the Huron County Court of Common Pleas. Because we find that the court did not err in denying appellant's motion for a new trial, we affirm.
On September 5, 1995, appellant, Larry Taylor, entered a no contest plea to one count of aggravated burglary, a violation of R.C. 2911.12(A)(1) and a second degree felony. He was sentenced to an indefinite term of eight to fifteen years in prison. On September 25, 2001, appellant filed a motion for a new trial which the trial court denied on October 23, 2001. Appellant has set forth five assignments of error challenging the court's ruling.
Although appellant filed a motion for new trial, we will construe it as a motion to withdraw his no contest plea as appellant never had a trial. Motions to withdraw no contest pleas can only be granted to correct a manifest injustice. Crim.R. 32.1. The burden of demonstrating a manifest injustice is upon the defendant, State v. Blatnik (1984),17 Ohio App.3d 201, and will result in the withdrawal of a plea only in extraordinary cases. State v. Smith (1977), 49 Ohio St.2d 261.
Appellant seeks to withdraw his plea on the basis of newly discovered evidence. The "newly discovered evidence" appellant offers is a copy of his arrest warrant. Specifically, appellant contends that the warrant shows that appellant was under arrest when he was interrogated by the police. Appellant contends that because he was under arrest, he should have been mirandized. Appellant contends that he was not mirandized and, therefore, the court should have suppressed the statements he made to the police. Such suppression, appellant contends, would have changed the outcome of his case.
Appellant has not offered any "newly discovered evidence" to show that he was not mirandized at the time he was interrogated by the police. In fact, on appellant's direct appeal it was established that appellant was mirandized when he was questioned by the police. Therefore, appellant's status as an arrestee in relation to his Miranda rights is irrelevant. Finding no manifest injustice, appellant's five assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Common Pleas Court is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
* * ENDNOTES * *
{a} "ASSIGNMENT OF ERRORS
{b} "First Assignment of Error
 The Huron County Court erred to the prejudice of the appellant in refusing to grant appellants motion for new trial, amended to motion to withdraw no contest plea, when the court ruled that the outcome would not have been different. The ruling denied appellant the right of due process of law guaranteed by the U.S. Const. Amend. 14, 16, and the confrontation clause of Sixth Amend. of the Const, and article 1 10 and 16
of the Ohio Constitution. [sic]
{c} "Second Assignment of error
 The Huron County Court erred to the prejudice of the appellant in stateing that the outcome of appellants hearing would not have been different, if warrant was presented in a timely manner. This prejudice resulted in a denial of appellants due process rights of effective assistance of counsel protected by the Sixth Amend, to the U.S. Const. and the confrontation clause of the Sixth Amend. of the Const. and Article 1 16
of the Ohio Constitution. [sic]
{d} "Third Assignment of error
 The Huron County Court erred tot he prejudice of appellant in refusing to grant appellants motion to withdraw no contest plea, when it failed to address the issue of appellants speedy trial violation, by not holding an evidentuary hearing. This error violated defendants statutory right and constitutional rights under R.C. 2945.71, U.S. Const. Amend. 14.16, and the confrontation clause of Sixth Amend. of the Const. And Article 1 10 and 16 of the Ohio Constitution. [sic]
{e} "Fourth Assignment of error
 The Huron County Common Pleas Court erred to the prejudice of appellant in not holding an evidentary hearing which would have shown misconduct of the prosecutor, resulting in a denial of appellants right to due process and equal protection, Guaranteed by the Fifth, Sixth, and Fourthteenth Amendments to the U.S. Constitution, and Article 1 10 and 16 of the Ohio Constitution. [sic]
{f} "Fifth Assignment of error
 The Huron County Common Pleas Court erred to the prejudice of appellant in not holding an evidentary hearing which would have shown that trial counsel was wholly ineffective and failed to investigate his clients case fully. By ruling that the outcome would not have been different, The Huron County court denied appellant's rigsht to due process and equal protection, and the right to effective assistance of counsel as guaranteed by the Fifth, Sixth and Fourthteenth Amendments by the United States Constitution and by Article One, Section Ten and Sixteen Of the Ohio Constitution." [sic]